CASE 22—ACTION TO RECOVER MONEY ALLEGED TO BE DUE BY CONTRACT FOR SERVICES RENDERED—DEC. 5.

# Dunlap v. Lebus.

### APPEAL FROM HARRISON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.    REVERSED.

ATTORNEY AND CLIENT—NECESSITY OF LICENSE TO PERFORM SERVICES OUT OF COURT—VALIDITY OF CONTRACT—PUBLIC POLICY—SECURING REDUCTION OF TAX CLAIM.

Held: 1. Under Kentucky Statutes, section 100, providing that "no person shall practice as an attorney at law in any court until he has obtained a license so to do," a license was not required to authorize plaintiff to perform services in securing the reduction of a tax claim against defendant, as such services could be performed by a layman as well as a lawyer, and besides were not rendered in any court.

Dunlap v. Lebus.

2. A contract by which defendant agreed to pay plaintiff a fixed
amount if he should succeed in securing a certain reduction
of a tax claim against defendant by the State is not void as
against public policy, in the absence of anything to show that
the use of plaintiff's personal influence or of other improper
means was contemplated or used, it appearing that a part
of the claim was unjust, and that plaintiff merely secured
a settlement for the sum justly due.

LAFFERTY & KING, ATTORNEYS FOR APPELLANT.

The pleadings show a contract naming a specified sum to be
paid, for services to be rendered and which were rendered ac-
cording to the contract.

The petition shows that quite a large sum, $18,000 was
sought to be collected as back taxes by the auditor's agent
against defendant, Lebus, and finally a settlement was made at
$2,400, and that defendant agreed to pay plaintiff $500 to se-
cure the reduction. Defendant now seeks to avoid payment,
*first*, because plaintiff, who rendered the services, was not a
regular licensed practicing attorney at law, and *second*, be-
cause such a contract is against public policy and not enforce-
able.

We claim that the services were rendered under an ordi-
nary contract for that class of work not necessarily belonging
to the profession of the law, and even if it were otherwise, we
find no law opposing the enforcement of such a contract.

The second reason is a conclusion without any facts to sup-
port it. The auditor's agent instituted proceedings for the col-
lection of a tax claim alleging the amount due was $18,000,
when in fact the sum due was only $2,400. Lebus knew he
did not owe that sum, and to avoid litigation and the pub-
licity of having his affairs ventilated in court, secured the
services of plaintiff to settle the matter with the agent, which
he did by figuring up and ascertaining the true amount due
which Lebus paid and settled the matter. We claim that the
lower court erred in sustaining a demurrer to plaintiff's peti-
tion and dismissing same.

J. J. OSBORNE, ATTORNEY FOR APPELLEE.

Under section 100, Kentucky Statutes, we claim that the ap-
pellant must be a licensed attorney before he can practice
law for another for compensation, and the mere statement
of the fact is of itself sufficient argument and authority in this
case.

Dunlap v. Lebus.

The second proposition presents, is this case an insurmounta-
ble difficulty to any recovery by appellant—that, not being a li-
censed attorney, or even if he were, his contract, if he made
one, is a lobbying or "logrolling" contract and is void because
it is against public policy.   In other words, his contract is to
use his personal influence with the officers of the State to in-
duce them to accept a less sum than is due the State in com-
promise, settlement and satisfaction of a large sum which
the State was claiming.   As sustaining the last proposition
we cite the following cases:   McGill's Admr. v. Burnett, 7 J.
J. Mar., 640; Wood v. McGaun, 6 Dana, 326; Lucas v. Allen, &c.,
80 Ky., 681; Chrichfield, &c., v. Bermudez Asphalt Paving Co.,
42 L. R. A., 347; Holton v. Nichol, 33 L. R. A., 166.

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

This suit was instituted in the Harrison circuit court by
appellant, John L. Dunlap, against Lewis Lebus, to recover
$500, alleged to be due by contract for services rendered
appellee in effecting the settlement of a suit instituted by
the auditor's agent at Cynthiana to recover back taxes al-
leged to be due the Commonwealth of Kentucky.    The
substance of the facts relied on in the original and various
amended petitions to support the claim are that the audi-
tor's agent had commenced proceedings against appellee
to recover $18,000 back taxes alleged to be due the State;
that appellee represented that the greater part of the
claim asserted against him was illegal and unjust; that he
really owed the State only $2,400 on this account, but that
he wished to avoid publicity and litigation, and to settle
the matter by compromise, and that he employed appellant
to assist him in accomplishing this result, and agreed that,
if he could succeed in reducing the claim of the State
against him to a sum which would not exceed $12,000, he
would pay him $500 for his services; that he accepted the
employment, and immediately began negotiations with the
auditor's agent at Cynthiana, and with the auditor of the
State at Frankfort, for a settlement and compromise of

the claim: that he prosecuted these negotiations diligently until he finally effected a settlement; that in so doing he made several trips from his home in Louisville to Frankfort to see the auditor of the State, and secured at his own expense valuable legal advice from his attorney for the use of appellee; that through his efforts a compromise and settlement of the claim of the State was effected for $2,400, the amount admitted by appellee to be due and owing, which amount was paid by appellee, and accepted by the auditor in full settlement of all demands of the State against appellee; that the settlement was much better than appellee hoped for. Appellee filed a general demurrer to the petition as amended, which was sustained and his petition dismissed. Upon this appeal an affirmance is asked upon the grounds that, as appellant failed to allege that he was a licensed attorney at the date of his alleged employment and services, he could not recover under the statute; second, that, having failed to allege specifically what services he actually rendered under his alleged employment towards securing the abatement of the claim of the Commonwealth against appellee, construing his petition most strongly against him, the legal inference should be indulged that his services consisted only in using his personal influence with the auditor and the auditor's agent to induce them to accept in compromise a less sum than was actually due by appellee to the State; and that such services were illegal, and inconsistent with the sound public policy and the integrity of the officers of the State charged with the collection of its revenue.

As to the first ground, the services required to be rendered under appellant's alleged employment were not necessarily such as could only be rendered by a licensed attorney, but were such as might have been rendered as well

Dunlap v. Lebus.

by a good business man, who was also an expert account-
ant.   Appellee's liability for back taxes depended upon
the character and extent of his estate and the amount of
taxes previously paid.   These were questions of fact,
which might have been presented as well by a layman as a
lawyer.   Besides, section 100 of the Kentucky Statutes
prescribes "that no person shall practice as an attorney at
law in any court until he has obtained a license to do so."
There is no averment that appellee's employment required
that he should render any services in any court; on the
contrary, he alleges that at his own expense he obtained
the advice of lawyers for the benefit of appellee.   The
principal question, however, presented by the appeal is,
was the contract between appellant and appellee void as
against public policy?   And this depends upon whether it
embraces, either by its terms or by necessary implication,
an agreement to do an illegal act, or to resort to improper
methods, to effect the purpose of the agreement.   As said
by Chief Justice Robertson in Wood v. McCann, 36 Ky.,
366:   "The law will not aid in enforcing any contract
which is illegal, or the consideration of which is inconsist-
ent with the public policy, sound morality, or the integrity
of the domestic, civil, or political institutions of the State."
And it is universally held that all agreements which tend
to induce personal influence and solicitation in procuring
action by any department of the Government are contrary
to sound morals, lead to inefficiency in the public policy,
and will not be enforced, because against public policy.
This rule is as old as the common law and is rigidly en-
forced by courts of justice.   But the question is does this
rule of law apply to this case?   Appellant alleges that
appellee only owed the State $2,400, that all of the claim
asserted against him in excess of this amount was unjust

and illegal, and that he succeeded in convincing the officers of the State of the truth of this contention, and induced them to settle with appellee for the sum justly due. It would be more reasonable to assume that this end was accomplished by a legitimate exposition of the facts, rather than by corrupt and improper means. There is nothing in the agreement made by appellee as set out in the petition as amended which, either in express terms or by necessary implication, suggest that appellant was to resort to any improper means to accomplish the purpose of his employment. If, as contended by appellee, the services rendered by appellant in securing the settlement of the claim asserted against him by the State consisted in using his personal influence with the officers of the State to secure an improper settlement of the proceedings instituted by the auditor's agent, this is a matter of defense, and, if proven, would invalidate appellee's claim to compensation for such services.

For the reasons indicated the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.